UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:10CR586 AGF |
| CHRISTOPHER SCOTT WALTERS, | ) |  |
| Defendant. | ) |  |

**MEMORANDUM, ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b). The Defendant filed a motion to suppress statements and other physical evidence, a motion for a bill of particulars, a motion to dismiss indictment, and a motion to dismiss indictment for insufficiency and failure to state an offense. The undersigned held a hearing on the Defendant's motions on February 9, 2011.

**#19--Defendant Christopher Walters' Motion for a Bill of Particulars**

The purpose of a bill of particulars is to apprise the defendant of the nature of the charges against him and to prevent undue surprise at trial. United States v. Miller, 543 F.2d 1221, 1224 (8th Cir. 1976). However, a bill of particulars is not a proper vehicle by which to seek to obtain names of witnesses, evidentiary detail, or the government's theory of the case. United States v. Largent, 545 F.2d 1039 (6th Cir. 1976); United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982).

Much of what the Defendant requests in his bill of particulars asks for the Government's theory of the case. For example, he requests the identification of specific individuals interviewed by the Government, who assisted the Government, or who determined that the Citibank's endorsements

were forged. He also requests how or by what means the alleged forged Citibank endorsements were placed on the checks as alleged by the indictment. Much of this asks for evidentiary detail or the Government's theory of the case. In addition, the Defendant has been provided full discovery, including the documents in this case, which alleviates the need for a bill of particulars. United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979)

In addition, as detailed by the undersigned in the section of this Memorandum entitled motion to dismiss the indictment for insufficiency and failure to state a claim, the undersigned has concluded that the indictment in this case is sufficiently precise that it informs the Defendant of the charge against him in sufficient detail to enable him to prepare a defense, to avoid the danger of surprise at trial, and to plead his acquittal or conviction as a bar to further prosecution on the same offense. Wong Tai v. United States, 273 U.S. 77 (1927).

Therefore, the Defendant's motion for a bill of particulars should be denied.

### #21--Defendant Christopher Walter's Motion for Production and Inspection of Grand Jury Transcripts, Recordings, Minutes and Reports

The Defendant's motion states that he contemplates a motion challenging grand jury selection procedures. Many of the documents he seeks in his request are not related to such a motion, rather he seeks substantive information concerning the instant case. These are not ministerial records. The Defendant should, however, be permitted to examine the jury selection plan for the Eastern District of Missouri which is on file with the Clerk of the Court. As to any further discovery, the Defendant's request does not comply with the dictates of 28 U.S.C. § 1867, in that he has failed to submit his sworn statement of facts which, if true, would support a motion to dismiss the indictment for failure to comply with the law in the selection of grand jurors. Therefore, the Defendant's motion for

disclosure of grand jury proceedings should be granted as to allowing Defendant to inspect the jury selection plan for the Eastern District of Missouri, in all other respects, it should be denied.

**#20--Motion to Suppress Statements of Defendant and Other Physical Evidence**

At the hearing in this matter, the Defendant indicated that, based on the representations of the Government, there was no evidence seized from the Defendant nor were any statements taken from the Defendant by law enforcement officers. The Defendant further stated that he filed the motion to suppress preserve his right to challenge the introduction of such evidence "down the road," however, the motion could be denied as moot.

Therefore, for the reasons stated on the record by the Defendant, the motion to suppress statements of defendant and other physical evidence should be denied as moot.

**#23 -- Motion to Dismiss Indictment for Insufficiency and Failure to State an Offense**

To be legally sufficient, an indictment must contain all of the essential elements of the offense charged, and must fairly inform the defendant of the crime with which he is being charged in sufficient detail so that he may prepare a defense, and invoke the double jeopardy clause in any future prosecutions based on the same conduct. See Hamling v. United States, 418 U.S. 87 (1974); United States v. Henderson, 416 F.3d 686 (8th Cir. 2005). The Defendant claims that the indictment is vague and ambiguous because it does not allege how and when the forgeries were made on the checks at issue. He further alleges that the Defendant did not make any actual representations or falsehoods to Citibank, and the Defendant had the authority of Citibank to sign their name to the checks in question, or at least Citibank had no interest in the checks. The undersigned concludes that the Defendant's argument must fail in several respects. First, the indictment alleges the crime in detail. The indictment alleges that the Defendant's company obtained a loan from Citibank in the

3

amount of $7.8 million for the purchase of an apartment complex in St. Louis County. The indictment further alleges that Citibank held the lien on this property, that there was a fire on the property, and that any insurance proceeds from the fire had to be retained by Citibank and disbursed as repairs were made on the property. It specifically alleges as follows:

> The scheme to defraud: Between on or about November 20, 2008 and February 19, 2009, Defendant Christopher Scott Walters devised, executed, and attempted to execute a scheme and artifice to defraud Citibank by means of material false and fraudulent representations and promises, and that the defendant obtained possession of insurance checks intended to cover the aforementioned fire damage, forged Citibank's endorsements on the checks, presented the forged checks to Reliance Bank for deposit into the bank account controlled by the defendant, and then diverted the proceeds from the checks to other uses.

It then goes on to specifically allege that each check for insurance proceeds was made out by the insurance company to Walters Holding Company and to Citibank. It further alleges that in furtherance of the scheme to defraud, forged endorsements of Citibank were placed on the check, and that, thereafter, Walters caused the insurance checks containing the forged endorsements to be presented to Reliance Bank for deposit into an account for Walters Holding, falsely and fraudulently representing that Citibank had authorized the deposits when, in fact, Citibank had no knowledge that the checks had ever been issued.

Based on the above, the undersigned concludes that the indictment is detailed, and contains specific language covering each element of the bank fraud charge, and it should not be dismissed because it is insufficient or because it failed to state an offense.

Both the Defendant and the Government cite United States v. Ponec, 163 F.3d 486 (8th Cir. 1998) as controlling in this case. In Ponec, id., Mr. Ponec worked for a company called Pro-Data Services, Inc. A number of checks payable to the order of Pro-Data came into his possession. Ponec deposited these checks totaling a significant amount of money into his personal bank account at bank.

He had no authority to divert these funds to his own account. The funds should have been deposited in Pro-Data's account at the same bank. When the defendant made the deposits into his own account, he used blank deposit tickets, showing his personal account number. He had available pre-printed deposit tickets showing both the account name and number, but he did not use these when depositing the Pro-Data checks into his own account. He attempted to do this in order to make the deposit of his employer's checks into his personal account for his personal use look less conspicuous. The defendant alleged that he did not make any false statements to the bank so there could be no scheme to defraud. In this regard, the Defendant similarly states, that no false statement was made to the bank in the case now at bar, because Citibank had no interest in the insurance proceeds.

The Court in Ponec, however, determined that the activity of Ponec did act to defraud the bank and it was of sufficient deviousness to prove that deliberately false statements were made to the bank. In so holding, the Court stated as follows:

> . . .We grant that the government needed to prove that Mr. Ponec deliberately made false representations to the bank. Otherwise, there would be no scheme or artifice to defraud. We cannot agree, however, that no misrepresentation or misstatement occurred under the facts of this case. When Mr. Ponec offered for deposit checks made to Pro- Data and specified that the deposit be made into his personal account, he was representing to the bank that the proceeds of the checks rightfully belonged to him, or, at least, that he had been authorized by Pro- Data to deal with the checks in this way. Neither statement was true. Had the bank known the truth, it certainly would not have wanted its tellers to put the checks into Mr. Ponec's own account. When Mr. Ponec wrote his own account number on the deposit tickets, he was falsely representing that he had the right to put these checks into his own account. We think this conduct is a scheme or artifice to defraud within the meaning of Section 1344, and that nothing in the *Williams* opinion, which deals only with the issue of insufficient funds, is to the contrary. . .

163 F.3d 486, 489.

The undersigned concludes that a very similar situation is present in the case now at bar. In the case now at bar, the Government has alleged in the indictment that the signatures of Citibank were

forged without the knowledge and consent of Citibank, and that Citibank was entitled to the funds likely due them from the insurance proceeds. As in Ponec, supra, the false statements about the legitimacy of the signatures on the checks were made to a bank while the money was lost by the company. Thus, the undersigned concludes that the indictment alleges the bank fraud in sufficient detail that it is not subject to dismissal. It will be the Government's burden to prove at trial that the signatures were forged, and that Citibank was entitled to funds from the proceeds.

The Defendant also alleges that if the indictment fails in Counts I - IV, that the money laundering counts must also fail because the indictment can not survive absent any underlying illegal activity. Because the undersigned concludes that the indictment should not be dismissed as to Counts I - IV, this argument must fail. See also United States v. Howard, 271 F.Supp 2nd 79, 83 (D.DC. 2002) (although the money laundering statute requires the government to establish that defendant derived property from a specified unlawful activity, the defendant does not have to be charged with the specified unlawful activity). Therefore, the indictment should not be dismissed.

**#22 -- Defendant Christopher Walters' Motion to Dismiss Indictment**

The Defendant also makes several wide-ranging allegations in an attempt to dismiss the indictment, including stating that it is vague and ambiguous. As stated above, the indictment is sufficient under Rule 7(c), Federal Rules of Criminal Procedure, because it adequately charges violations of 18 U.S.C. §§ 1344, 513, and 1956.

Further, the Defendant alleges that the indictment is based on incompetent or insufficient evidence, in that the statutes are unconstitutional on their face, and as applied to him. An indictment valid on its face is immune from attacks by such claims. Costello v. United States, 350 U.S. 359 (1956). The Defendant also makes the general claim that the indictment attempts to charge him under

laws which are illegal, void, and unconstitutional as applied to him. Absent a more specific allegation, this claim has no merit. See United States v. Richardson, 477 F.2d 1280 (8th Cir. 1973).

Next, the Defendant claims a delay in bringing charges against him which has deprived him of his due process, equal protection, and effective assistance of counsel rights. The Defendant does not allege or show any actual prejudice. Therefore, because the Defendant can not show any actual prejudice or that the delay was due to intentional government inaction, his motion must fail. See United States v. Marion, 404 U.S. 307 (1971).

The Defendant also alleges that Counts V - XXI should not be offenses because these transactions were mere civil violations, and should not be subject to criminal charges. The Government, however, has alleged in its indictment sufficient facts and law to bring this conduct within the purview of criminal statutes. It will be up to the Government to prove its allegations at trial. Therefore, the indictment should not be dismissed at this point, prior to the Government presenting any evidence.

## Conclusion

Therefore, the motions to dismiss should be denied.

\* \* \*

In accordance with the Memorandum above,

**IT IS HEREBY ORDERED** that Defendant Christopher Walters' Motion for a Bill of Particulars [Doc. #19] be **denied**.

**IT IS FURTHER ORDERED** that Defendant Christopher Walters' Motion for Production and Inspection of Grand Jury Transcripts, Recordings, Minutes and Reports [Doc. #21] be **denied in part and granted in part** consistent with the above Memorandum.

Further,

**IT IS HEREBY RECOMMENDED** that the Motion to Suppress Statements of Defendant and Other Physical Evidence [Doc. #20] be **denied as moot**.

**IT IS FURTHER RECOMMENDED** that Defendant Christopher Walters' Motion to Dismiss Indictment [Doc. #22], and Defendant Christopher Walters' Motion to Dismiss Indictment for Insufficiency and Failure to State an Offense [Doc. #23] be **denied**.

Further, the parties are advised that they have fourteen (14) days, in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

          /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this __17th__ day of March, 2011.