UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CR00586AGF |
| | ) | |
| CHRISTOPHER SCOTT WALTERS, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter is before the Court on defendant Christopher Walters' pretrial motions. The case is set for trial on August 1, 2011, the trial date having been continued on Defendant's motion. All pretrial motions were referred to United States Magistrate Judge Terry I. Adelman under 28 U.S.C. § 636(b). Defendant filed a Motion for Bill of Particulars (Doc. #19), Motion to Suppress Statements and Other Physical Evidence (Doc. #20), Motion for Disclosure of Grand Jury Material (Doc. #21), Motion to Dismiss Indictment/Counts (Doc. #22), and Motion to Dismiss Indictment/Counts for Insufficiency and Failure to State an Offense (Doc. #23). Judge Adelman held a hearing on February 9, 2011. No evidence was presented, and Defendant elected to argue only his motions to dismiss, and primarily his motion to dismiss for insufficiency. Judge Adelman thereafter issued a Memorandum, Order and Recommendation (Doc. #32), in which he recommended that Defendant's motions to dismiss be denied,[1] denied

---

[1] Based on Defendant's representations that no evidence was seized from the Defendant, and no statements were taken from him, and Defendant's agreement that the motion could be denied as moot, Judge Adelman also recommended that Defendant's

1

Defendant's motion for bill of particulars, and granted in part and denied in part Defendant's motion for production and inspection of grand jury proceedings. Defendant has filed generalized objections to the recommendations, essentially incorporating his prior motions to dismiss. He has also objected to the rulings on the motion for bill of particulars and motion for grand jury materials, again essentially incorporating his prior motions, and asks the Court to overrule the rulings on those motions.

When a party objects to a Report and Recommendation concerning a dispositive matter, the Court is required to "'make a de novo review determination of those portions of the record or specified proposed findings to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). When a party objects to orders on nondispositive matters, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Rule 59(a), F. R. Cr. P.*

The Court conducted a *de novo* review of the motions to dismiss, including listening to the arguments made at the hearing. Based on that review, the undersigned concludes that the Magistrate Judge correctly analyzed the issues, and the Court therefore adopts his Recommendations and will overrule Defendant's objections regarding the motions to dismiss. The Court finds that the indictment contains all of the essential elements of the offenses charged, and states the charges in sufficient detail. The

---

motion to suppress be denied as moot. Defendant has not filed any objection to this recommendation.

indictment also sufficiently alleges the elements of bank fraud to survive a motion to dismiss. As Judge Adelman noted, "[i]t will be the Government's burden to prove at trial that the signatures were forged, and that Citibank was entitled to funds from the [insurance] proceeds." Having determined that the bank fraud charges are sufficient, Defendant's motion with respect to the money laundering counts also fails. Defendant's further arguments regarding the insufficiency of the indictment; his general allegations that the indictment is based on incompetent evidence and laws that are illegal, void or unconstitutional as applied to him; and his general claim that the delay in bringing charges deprived him of various constitutional rights, have no merit.

In his "general objection," Defendant also contends that the Magistrate Judge's Recommendation did not address the argument made by Defendant at the hearing that his civil rights are violated because "this case is -- if anything -- a civil dispute that has been elevated to a criminal case in order to collect money on behalf of a private company." Contrary to Defendant's assertion, the Magistrate Judge responded to this argument both at the hearing and in his Recommendation. Defendant cites no case law in support of this legal argument, and the Court agrees with the Magistrate Judge that the same conduct may give rise to both civil and criminal charges. Here the indictment sufficiently alleges facts and law to assert criminal charges. Whether the government can prove its case beyond a reasonable doubt will be determined at trial, and Defendant has not shown that the government should not be allowed to attempt to make its case before a jury.

Finally, Defendant has not shown that the Magistrate Judge's Orders denying the bill of particulars and denying, in part, the motion for production of grand jury transcripts

and other materials are either contrary to law or clearly erroneous. The Court agrees with the Magistrate Judge that Defendant is not entitled to a bill of particulars, as the indictment is sufficient without further particulars. The Court also agrees that Defendant has not made a proper showing for the disclosure of grand jury proceedings, except with regard to an inspection of the jury selection plan for the Eastern District of Missouri, and the Court will not overturn the Magistrate Judge's ruling on this point.

Accordingly,

**IT IS HEREBY ORDERED** that the Memorandum, Order and Recommendation of United States Magistrate Judge [Doc. #32] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Indictment/Counts [Doc. #22], and Motion to Dismiss Indictment/Counts for Insufficiency and Failure to State an Offense [Doc. #23] are **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statements and Other Physical Evidence [Doc. #20] is **denied as moot**.

**IT IS FURTHER ORDERED** that a final pretrial conference will be held in this case on **Thursday, July 28, 2011 at 9:00 a.m.** Defendant must be present at the hearing.

                                                      _____
                                                      AUDREY G. FLEISSIG
                                                      UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2011.